JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Petitioner-appellant Johnathon Wichert presents on appeal a single assignment of error in which he contends that the Hamilton County Common Pleas Court erred when it denied his R.C. 2953.21 petition for postconviction relief. We affirm the judgment of the common pleas court.
Wichert was convicted on October 8, 2003, of two counts of importuning and a single count of attempted unlawful sex with a minor. The next day, following a hearing, the court classified him as a sexually oriented offender and ordered him to register as such.
Wichert appealed. We affirmed the judgment of conviction, see State v.Wichert (Aug. 18, 2004), 1st Dist. No. C030781, and the Ohio Supreme Court dismissed his appeal from our decision. See State v. Wichert,104 Ohio St. 3d 1441, 2004-Ohio-7033, 819 N.E.2d 1124.
Wichert also timely filed with the common pleas court a postconviction petition. In his petition, he sought relief from his sexually-oriented-offender classification on the ground that he had been denied the effective assistance of counsel, when counsel retained to represent him at his sex-offender-classification hearing had stipulated that he was a sexually oriented offender. The common pleas court denied the petition, and Wichert brought this appeal.
R.C. 2953.21 provides in relevant part that a postconviction petition may be filed by "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C.2953.21(A)(1)(a). Thus, a petition for postconviction relief must be based upon a violation of the petitioner's rights that is constitutional in magnitude and that has the effect of rendering his judgment of conviction void or voidable.
R.C. 2950.09(B)(1) affords a statutory right to counsel at a sex-offender-classification hearing. Because a classification hearing is not a criminal proceeding, see State v. Cook (1998), 83 Ohio St. 3d 404,700 N.E.2d 570, the Sixth Amendment to the United States Constitution does not guarantee a sex offender the assistance of counsel at the hearing. But the Due Process Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, provides a right to counsel whenever the state seeks to infringe on a person's life, liberty, or property interest. See In re Fisher (1974),39 Ohio St. 2d 71, 75, 313 N.E.2d 851. Therefore, Wichert had a constitutionally secured right to the effective assistance of counsel at his classification hearing. See State v. Whorton (Aug. 21, 1998), 1st Dist. No. C-970901.
But Wichert's counsel's performance at the hearing, even if deemed deficient, would not have had the effect of rendering Wichert's judgment of conviction "void or voidable." Thus, a postconviction petition was not the proper vehicle for advancing this challenge to counsel's effectiveness.
We, therefore, hold that the common pleas court properly denied Wichert's petition. Accordingly, we overrule the assignment of error and affirm the judgment of the court below.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.